UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 06 CR 778 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| DEVON PHILLIPS | ) | |
| | ) | |

**GOVERNMENTS MOTION FOR
RULE TO SHOW CAUSE WHY DEFENDANT'S BOND SHOULD NOT BE REVOKED**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby moves the Court pursuant to 18 U.S.C. § 3142 and Fed. R. Crim. P. 46(f) for a hearing on a Rule to Show Cause why defendant's bond should not be revoked for violations of the Order Setting Conditions of Pretrial Release, dated October 27, 2006. In support of the motion, the United States states as follows:

*Background of Motion*

1.  On or about March 4, 2008, Jonathan Reid, defendant's Pretrial Services Officer, contacted counsel for the government with questions about the property that defendant's sister, Cherron Phillips, had posted as security for defendant's pre-trial release. Mr. Reid indicated that a Westlaw query regarding the pledged property indicated that Cherron Phillips had transferred the pledged property by quitclaim deed to a third party, "River Tali El Bey." Counsel for the government agreed to review the documentation and report back to Mr. Reid. On March 20, 2008, counsel for the government spoke again with Mr. Reid, and confirmed certain discrepancies regarding the property that secured defendant's release, which are described in greater detail below. On March 20, 2008, counsel for the government received a copy of a Pretrial Services Violation Report, authored by Mr. Reid, which documents defendant's failure to report to Pretrial Services as required, and

reports problems with the secured property. The government incorporates those allegations and will not re-state them here, but expands below on certain defects and troubling issues related to the posted property. In short, it appears that defendant's sister forged the signature of a trust officer on the Forfeiture Agreement, and then attempted to transfer the pledged property to a third party by quitclaim deed in violation of the Forfeiture Agreement. The net effect of this, with regard to defendant, is that his pre-trial release is unsecured. The government therefore respectfully joins in Pretrial Services' request for a hearing on a Rule to Show Cause why defendant's bond should not be revoked.

*Factual Background*

2. On October 20, 2006, defendant was charged in a criminal complaint with knowingly and intentionally possessing with intent to distribute approximately 3963 grams of cocaine. (R. 1).[1]

3. On or about October 27, 2007, Magistrate Judge Arlander Keys entered an Order setting conditions of release permitting the pre-release of defendant DEVON PHILLIPS. The Order Setting Conditions of Release (the "Order") directed, along with other usual conditions of release, that defendant report to pre-trial services as directed, and that a secured bond be posted in the amount of $250,000. (R. 7). The Order required that the $250,000 bond be secured by property located at 10432 South Prospect Avenue, Chicago, Illinois, 60643, a residence owned by defendant's sister, Cherron Phillips (the "pledged property"). (*Id.*)

4. As a condition of defendant's release, on October 27, 2006, a forfeiture agreement and quitclaim deed were executed for the 10432 South Prospect Avenue property. (The Forfeiture Agreement and quitclaim deed are attached hereto as Exhibits A and B, respectively). In the

---

[1] References to the District Court docket shall be to "R. ___".

2

Forfeiture Agreement, Cherron Phillips warranted that she, individually and as beneficiary of LaSalle Bank N.A. Trust Number 128700, is the sole record owner and title holder of the pledged property. Cherron Phillips, individually and as sole beneficiary of trust number 128700, agreed to forfeit the pledged property should defendant violate the conditions of his release. The Forfeiture Agreement bears the signature of Cherron Phillips, individually, and a signature purporting to be a trust officer of LaSalle Bank National Association, as trustee under trust agreement number 128700.[2]

5. Pursuant to the terms of the Forfeiture Agreement, failure by the defendant to comply with the terms of the bond allows the United States to seek forfeiture of the bond. Further, as part of the conditions of release, Cherron Phillips agreed to maintain the subject property in good repair, pay all taxes and obligations thereon when due, and take no action which could encumber the real property or diminish her interest therein, including any effort to sell or otherwise convey the property without leave of the Court. The Forfeiture Agreement was recorded with the Cook County Recorder of Deeds on May 3, 2007. (*See* Ex. A).

6. Following the inquiry of Pretrial Services Officer Reid, the United States investigated the status of the property that defendant used as security for his bond. That inquiry revealed, first, that the signature of "Sherri Smith, Trust Officer" on the executed Forfeiture Agreement is not that of the Sherri Smith who is a Trust Officer for Chicago Title, as successor trustee to LaSalle Bank. Sherri Smith has submitted an affidavit indicating that the handwriting on the executed Forfeiture Agreement is not her signature. (*See* Exhibit D).

---

[2]Pursuant to an agreement dated October 1, 2005, Chicago Title Land Trust Company ("Chicago Title") became successor trustee to LaSalle Bank N.A. Chicago Title now (and at the time the Forfeiture Agreement was executed) serves as successor trustee to LaSalle, and uses the same trust agreement number as LaSalle did. (*See* Ex. C, attached).

3

7. Further, pursuant to the terms of the Forfeiture Agreement, Cherron Phillips agreed to "take no action which could encumber the real property or diminish her interest therein, including any effort to sell or otherwise convey the property without leave of the Court." (Ex. A at 3). However, a quitclaim deed, executed by Cherron Phillips and purporting to convey title to "River Tali El Bey," was recorded with the Cook County Recorder's office as document number 06633322100 on November 29, 2006 (approximately a month after the Forfeiture Agreement was executed). (*See* Exhibit E)

8. Neither quitclaim deed (to the United States or the subsequent deed to "River Tali El Bey," Exs. B and E, respectively) currently held with the Clerk of the Court reflect the signature of a trustee for LaSalle National Bank or Chicago Title, trustee under trust agreement 128700. Consequently, neither quitclaim deed, if executed, would be recognized as a valid interest.

9. It appears that defendant DEVON PHILLIPS is currently released on an unsecured bond, in violation of the Order. Furthermore, Cherron Phillips has not complied with the terms of the Forfeiture Agreement, and by all appearances intentionally so.

10. Finally, as reflected in the Violation Report submitted by Pretrial Services, it appears that defendant Devon Phillips has not complied with the requirement of the Order that he report to Pretrial Services as directed.

4

WHEREFORE, pursuant to 18 U.S.C. § 3142 and Fed. R. Crim. P. 46(f), the United States seeks hearing on a Rule to Show Cause why the bond of defendant DEVON PHILLIPS should not be revoked and defendant should not be detained pending disposition of the charges in this case.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: *Thomas D Shakeshaft*
THOMAS D. SHAKESHAFT
MARNY ZIMMER
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-0667

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**GOVERNMENTS MOTION FOR RULE TO SHOW CAUSE WHY**

**DEFENDANT'S BOND SHOULD NOT BE REVOKED**

was served pursuant to the district court's ECF system as to ECF filers, and was sent by first-class mail on MARCH 26, 2008, to the following non-ECF filers:

Devon Phillips
10432 South Prospect Avenue
Chicago, IL 60643

Cherron Phillips
10432 South Prospect Avenue
Chicago, IL 60643

John L. Sullivan
790 Green Bay Road
Wilmette, IL 60093

THOMAS SHAKESHAFT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 886-0667