## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**) | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06 CR 00778** |
| **v.** | ) | **The Honorable Joan H. Lefkow** |
| | ) | **Judge Presiding** |
| **DEVON PHILLIPS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT'S PLEA DECLARATION

1.      The defendant acknowledges that he has been charged in an indictment with distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1).

2.      The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

3.      The defendant fully understands the nature and elements of the crimes with which he has been charged.

4.      The defendant will enter a voluntary plea of guilty to Counts One through Three of the indictment in this case, charging distribution of a controlled substance.

5.      The defendant will plead guilty to distribution of a controlled substance because he is in fact guilty of the charges contained in Counts One through Three of the indictment.  In pleading guilty, the defendant admits the following facts, which establishes his guilt beyond a reasonable doubt:

1

On September 5, 2006, defendant PHILLIPS knowingly and intentionally distributed 29.3 grams of cocaine to an undercover DEA agent.

On October 3, 2006, defendant PHILLIPS knowingly and intentionally distributed 135 grams of cocaine to an undercover DEA agent.

On October 19, 2006, defendant PHILLIPS knowingly and intentionally possessed with the intent to distribute in excess of 500 grams of cocaine.

The preceding facts are offered solely for the purpose of establishing a factual basis for the defendant's plea of guilty; they do not contain all of the information known by the defendant concerning the charged crimes.

6.     The defendant, his attorney, and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement.  The defendant understands that the Probation Department will conduct its own investigation, that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation.  Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7.     The defendant understands that, in imposing the sentence, the Court will be guided by the United States Sentencing Guidelines.  The defendant understands that the Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

8.     Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing.  The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office or Court or

2

both setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

9.     The defendant understands that each count to which he will plead guilty carries a mandatory minimum term of ten years imprisonment and a maximum term of life imprisonment. It is the defendant's position that he is eligible for a safety valve reduction.

10.     The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)     If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b)     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.

(c)    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e)    At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, he could testify in his own behalf.

11. The defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. The defendant's attorney has explained those rights to him and the consequences of his waiver of those rights. Defendant further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial

12. The defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

13. The defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope, and

4

extent of the defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

14.     The defendant agrees that he will fully and truthfully cooperate with the government in any matter which he is called upon to cooperate.  This cooperation shall include providing complete and truthful information in any investigation and pretrial preparation, and complete and truthful testimony if called upon to testify, before any federal grand jury and United States District Court proceeding.

15.     At the time of sentencing, the defendant understands that the Government shall make known to the sentencing judge the extent of the defendant's cooperation.  The defendant understands that the decision concerning what sentence to impose rests solely with the Court.

16.     The defendant and his attorney acknowledge that no threats, promises or representations have been made, nor understandings reached, other than those set forth in this plea declaration, to cause the defendant to plead guilty.

17. The defendant agrees that this plea declaration shall be filed and become part of the record in this case.

18. The defendant acknowledges that he has read this plea declaration and carefully reviewed each provision with his attorney.  The defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this plea declaration.

_____
DEVON PHILLIPS
Defendant

/s/ Jeffrey B. Steinback
JEFFREY B. STEINBACK
Attorney for Defendant

/s/ Lawrence S. Beaumont
LAWRENCE S. BEAMONT
Attorney for Defendant