UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06 CR 778 |
| v. | ) | The Honorable Joan H. Lefkow |
| | ) | Judge Presiding |
| DEVON PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MOTION FOR MENTAL COMPETENCY EVALUATION

NOW COMES the attorneys for the defendant, Jeffrey B. Steinback, Lawrence Beaumont, and Rachel A. Katz, and pursuant to 18 U.S.C.S. §4241, respectfully moves this Honorable Court to Order the defendant, Devon Phillips, to undergo a preliminary psychiatric evaluation to determine whether he is competent to participate in his defense for purposes of sentencing. In support of this motion, the following is stated:

1. If there is reasonable cause to believe that the defendant may presently be suffering from a mental disease of defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense, a district court may order a hearing pursuant to 18 U.S.C.S. § 4241(a). If reasonable cause is established, the court "shall grant the motion" and order an initial competency evaluation.

1

2.  When determining if a defendant is mentally incompetent, the court must consider whether the defendant has sufficient ability to consult with his lawyers with a reasonable degree of rational understanding. 18 U.S.C.S. §4241. This standard of competency extends beyond trial to the sentencing phase of the proceeding. *United States v. Collins*, 949 F.2d 921, 924 (7th Cir. 1991) (citing *United States v. Garrett*, 903 F.2d 1106, 1115 (7th Cir. 1990) (The defendant must be able to understand the nature and consequences of the sentencing proceeding). According to Judge Posner, this Court should conduct a preliminary inquiry to see if there is reasonable cause to believe incompetency, and if there is, an evidentiary hearing becomes mandatory. *United States v. Teague*, 965 F.2d 1427, 1435 n.9.

3.  In *Drope v. Missouri*, the Court suggested that the aggregate of a defendant's indicia of competence should be considered, although any one factor may be sufficient in some circumstances. 420 U.S. 162 (1975). "There are, of course no fixed immutable signed which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *United States v. Collins*, 949 F.2d at 924 (*citing Drope v. Missouri*, 420 U.S. 162 (1975)). Included in the Court's indicia of competence are evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence. The court may consider testimony from psychiatrists, the defendant's behavior, unresponsiveness and or defense counsel's observations. *United States v. Segal*, 398 F. Supp. 2d 912, 916 (N.D. Ill. 2005). All of these factors must inform the statutory requirement that a defendant be able to understand the nature and consequences of the proceedings against him and be able to assist properly in his defense.

4. The Seventh Circuit delineated the standard for reasonable cause to believe an evidentiary hearing is required, when it stated, through Judge Posner, "Representations by the defendant's lawyer that he has observed crazy of bizarre behavior by his client... can suffice." *United States v. Grimes*, 173 F.3d 634, 636 (7th Cir. 1999); *see also, United States v. Metcalfe*, 698 F.2d 877 (7th Cir. 1983), *cert. denied*, 461 U.S. 910, 103 S. Ct. 1886, 76 L. Ed. 2d 814 (1983) (Other factors relevant to the determination may include an attorney's representation about his client's competency).

5. In the instant case, the undersigned attorneys believe, based on a variety of considerations that Mr. Phillips is presently suffering from a mental disease or defect which precludes him from fully appreciating the circumstances of this case as well as undermining his ability to assist his counsel in preparing for sentencing. Among these considerations includes the defendant's irrational motions and briefs filed with this Court.

6. The majority of these filing were made prior to the defendant hiring the undersigned to represent him in this case.[1] Among these filings include a motion to "cease and desist for lack of jurisdiction" in which the defendant indicates that the laws of the federal government do not apply to him because of his status as a member or citizen of the Moorish Science Temple, and a motion entitled "revocation of power of attorney, revocation of signature, declaration of domicile and declaration of family nationality" in which defendant, among other things, attempts to relinquish his 14th Amendment Citizen status.[2]

7. Initially, when Mr. Phillips hired the undersigned attorneys, we had an understanding that he would cease to file, what seemed to us as, irrational documents. Mr. Phillips agreed not to file any further documents without first consulting with his attorneys. On

---

[1] The defendant made 12 "pro se" filings with this Court prior to hiring the undersigned attorneys. *See* R. 31, 32, 33, 35, 36, 41, 44, 45, 51, 64, 75, and 82. A sample of these filings is attached hereto as Exhibit A.
[2] *Id.*

3

August 4, 2009, without the undersigned's knowledge, the defendant filed a twenty-two page document entitled "notice and declaration of revocation of power of attorney and notice and declaration of fraud and notice to cease and desist."[3] The undersigned first saw the document when the government presented it to Mr. Beaumont during a meeting between the government, the defendant and his attorney. At that meeting, the defendant tried to articulate what the document was and why he had filed it. No one at that meeting could make any sense of what the defendant was saying, yet to the defendant, the filing was perfectly logical and appropriate. After the meeting, the undersigned spoke with the defendant in the hope that he would be able to explain the contents of the filing as it was utterly incomprehensible to his attorneys. In explaining the filing, the defendant exhibited what appears to be delusional beliefs and paranoid ideations - mainly, it appears to defense counsel that Mr. Phillips' principal fear is that someone is trying to take his identity. What we can glean from this, although we are not certain as we are not qualified to make any medical conclusions, is that he is desperately trying to preserve and keep his identity.

8. Prior to this meeting, the government had made reference to a filing made by Mr. Phillips. We approached out client and asked him whether he had filed anything with the Court and he stated that he had not. Based on this representation we believed that the document the government was referring to was one in which Mr. Phillips had filed prior to our appearance in this case. Mr. Phillips had no recollection of make any such filings. However, once we received a copy of the document filed by Mr. Phillips on August 4, 2009, we believed that it was our professional and ethical responsibility to inquire further into his mental competency.

---

[3] A copy of this document is attached hereto as Exhibit B.

4

WHEREFORE, based on the aforementioned, we respectfully move this Honorable Court to order the defendant to undergo a preliminary examination to determine whether he is mentally competent to proceed with sentencing.

                                            Respectfully Submitted,

                                            /s Lawrence Beaumont
                                            LAWRENCE BEAUMONT
                                            JEFFREY B. STEINBACK
                                            RACHEL A. KATZ
                                            Attorneys for Defendant

53 W. Jackson Blvd.
Suite 626
Chicago, Illinois 60604
(312) 765-6000