UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 778 |
| | ) | |
| | ) | Judge Joan H. Lefkow |
| DEVON PHILLIPS | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853(a)(2) and Fed R. Crim P. 32.2, and the Court being fully informed hereby finds as follows:

(a)     On May 7, 2008, a superseding indictment was returned charging defendant DEVON PHILLIPS with violations of the Control Substances Act pursuant to 21 U.S.C. § 841(a)(1);

(b)     The superseding indictment sought forfeiture to the United States of specific property pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2);

(c)     During the investigation that led to the indictment, law enforcement seized a 2006 Mercedes Benz CLS, VIN: WDDDJ75X46A015087 ("the Mercedes") from defendant DEVON PHILLIPS on October 3, 2006. The Mercedes was seized for the purpose of initiating administrative forfeiture proceedings. On February 20, 2007, Cherron Phillips, defendant DEVON PHILLIP's sister and registered owner of the Mercedes, filed a claim to the Mercedes with the Drug Enforcement Administration ("DEA") to contest the administrative forfeiture proceeding against the Mercedes. DEA immediately referred the case to the United States

Attorney's Office to commence a civil forfeiture action pursuant to the provisions of 18 U.S.C. § 2254. On May 23, 2007, pursuant to 21 U.S.C. § 853(e)(1), this Court entered an Order to Preserve Certain Property Subject to Forfeiture (docket number 22) which allowed the government to maintain custody of the Mercedes to preserve the availability of the Mercedes for forfeiture;

(d) On November 10, 2008, pursuant to Fed R. Crim. P. 11, defendant DEVON PHILLIPS entered a voluntary plea declaration to the superseding indictment charging him with violations of the Controlled Substances Act, thereby making certain property subject to forfeiture pursuant to 21 U.S.C. § 853;

(e) Because of the defendant's conviction of the above violation, the Mercedes is subject to forfeiture pursuant to the provisions 21 U.S.C. § 853(a)(2), which states in part,

> 853(a) Any person convicted of ...21 U.S.C. § 841... shall forfeit to the United States, irrespective of any provision of State Law—
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

(f) As a result of his violations of 21 U.S.C. § 841(a)(1), to which he pled guilty, the United States seeks forfeiture of all right, title, and interest that defendant DEVON PHILLIPS may have in the Mercedes, in that the property was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the charged offenses;

(g) Further, because the Mercedes is subject to forfeiture, the government requests that this Court enter a preliminary order of forfeiture so that property may be disposed of according to law.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of Title 21, United States Code, Section 853(a)(2)

and Fed R. Crim P. 32.2, all right, title and interest of defendant DEVON PHILLIPS in a 2006 Mercedes Benz CLS, VIN: WDDDJ75X46A015087 is hereby forfeit to the United States of America for disposition according to law. It is further ordered,

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), upon entry of this preliminary order of forfeiture, the United States shall seize and take custody of the foregoing property for disposition as the Attorney General may direct. It is further ordered,

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, request that the United States provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture, including Cherron Phillips and Systems & Services Technology, Inc. It is further ordered,

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), any person other than the defendant, asserts an interest in the property that has been ordered forfeited to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions the court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury. It is further ordered,

5. That, following the Court's disposition of all third party interests, upon the government's motion, the Court shall, if appropriate, enter a final order of forfeiture as to the foregoing property, vesting clear title in the United States of America. It is further ordered,

6. That, the terms and conditions of this preliminary order of forfeiture entered by the Court are made part of the sentence imposed against defendant DEVON PHILLIPS and included in any judgment and commitment order entered in this case against him. It is further ordered,

7. This court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

JOAN H. LEFKOW
United States District Judge

DATED: 2-9-2011