**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1



# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 16, 2012
Decided May 23, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 11-1520 | |
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> DEVON PHILLIPS, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 06 CR 00778 <br><br> Joan H. Lefkow, <br> *Judge.* |

**O R D E R**

Devon Phillips was arrested after making three cocaine sales to undercover Drug Enforcement Agency agents: the first for 28.5 grams of crack, the second a month later for 124 grams of powder, and the third two weeks later for three kilograms of powder. Phillips pleaded guilty to three counts of possession of a controlled substance with the intent to distribute. *See* 21 U.S.C. § 841(a)(1). At sentencing, the district court calculated his base offense level by including as relevant conduct 655 grams of crack that police seized at the time of his arrest from a nightstand in his residence. He was sentenced to 78 months' imprisonment, well below the bottom of his guidelines range of 121–151 months (based on an offense level of 32 and a criminal history category of I). He filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under

Case: 1:06-cr-00778 Document #: 226 Filed: 06/14/12 Page 2 of 3 PageID #:1405
Case: 11-1520    Document: 00711783033    Filed: 06/14/2012    Pages: 3

No. 11-1520                                                                                                     Page 2

*Anders v. California*, 386 U.S. 738, 744 (1967). Phillips has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues counsel identified in his facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises that Phillips does not wish to challenge his guilty plea on appeal, and thus appropriately omits discussion about the adequacy of the plea colloquy and voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel first considers whether the district court erred by denying or ignoring several pro se motions filed by Phillips after pleading guilty, including motions discussing his Moorish faith, real property law, and the Uniform Commercial Code, as well as a motion to stay sentencing so that the government could respond to new discovery requests. The court denied some of them as nonsensical or frivolous and, after warning Phillips, ignored some of them. Because we cannot make any more sense of the motions than the district court could, we would not conclude that the court abused its discretion in not granting any of them.

Counsel next considers whether Phillips could argue that the district court erred in wrongly denying a request to proceed pro se at sentencing; in the court's view, Phillips did not understand the risks of self-representation sufficiently to make a knowing waiver of the right to counsel. As counsel notes, the court fulfilled its obligation to determine whether Phillips understood the disadvantages of self-representation by conducting a hearing and informing Phillips that, given the complexity of the sentencing guidelines, he would benefit from counsel. *See United States v. Campbell*, 659 F.3d 607, 612 (7th Cir. 2011); *United States v. Todd*, 424 F.3d 525, 530–31 (7th Cir. 2005). In light of the incoherence of Phillips's prior pro se motions and his insistence at the hearing (despite being told otherwise at least three times) that his sister would assist him at sentencing, the court reasonably concluded that Phillips did not understand the dangers of representing himself enough to make an intelligent waiver of the right to counsel. *See Campbell*, 659 F.3d at 612; *Todd*, 424 F.3d at 530.

Counsel next considers whether the district court erred in overruling an objection Phillips made to the inclusion as relevant conduct of the 655 grams of crack seized from his nightstand because, in his view, the crack was seized in violation of the Fourth Amendment. *See* U.S.S.G. §§ 1B1.3(a). But even if it were, the exclusionary rule does not prevent the court from counting the crack as relevant conduct. *See United States v. Krueger*, 415 F.3d 766, 779 (7th Cir. 2005); *United States v. Brimah*, 214 F.3d 854, 858–59 (7th Cir. 2000).

Counsel also considers whether Phillips could challenge the district court's finding that he was ineligible for the "safety valve," which provides a two-point decrease in offense

No. 11-1520 Page 3

level for certain nonviolent drug offenses and allows a sentence below the statutory floor. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. To qualify for the safety valve, a defendant must show a "good faith effort" to provide the government with all relevant information. *United States v. Corson*, 579 F.3d 804, 814 (7th Cir. 2010). As counsel notes, the court here did not clearly err in finding that the government's presentation (including testimony by agents who worked with the confidential informant) cast doubt on Phillips's denial that he was an experienced drug dealer. Phillips's bare assertion that his testimony was forthright does not satisfy his burden to prove that he provided a full disclosure to the government. *See United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004); *United States v. Ponce*, 358 F.3d 466, 468 (7th Cir. 2004).

Counsel finally concludes, and we agree, that a challenge to the reasonableness of Phillips's sentence would be frivolous too. As counsel notes, we would presume Phillips's below-guidelines sentence to be reasonable, *see Rita v. United States*, 551 U.S. 338, 350-551 (2007); *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011), and counsel cannot identify any reason to disregard that presumption. The district court adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a). The court discussed the nature of the offense, noting that Phillips "knowingly contributed to the harm that narcotics does to society," and the need to promote respect for the law, noting that Phillips had been "exceedingly dilatory throughout [the] prosecution, unnecessarily causing the government and the court to devote inordinate amounts of time to his case." The court reasonably found that these considerations outweighed Phillips's argument in mitigation that he is well educated and has a light criminal history.

The motion to withdraw is GRANTED and the appeal is DISMISSED.